## THE J. B. BARNABY CO. *vs.* JOHN J. JOHNSTON.

### JANUARY 9, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Landlord and Tenant.    Tenant from Month to Month.*

Gen. Laws, cap. 269, sec. 6, provides: "The time agreed upon in a definite letting shall be the time of the termination thereof for all purposes, and if there be no time of termination agreed upon, it shall be deemed a letting from year to year: *Provided*, in any case of a letting at a certain rate per month without any other reference as to time the letting shall be deemed a letting from month to month."

*Held*, that the words "without any other reference as to time" contemplate such a reference to time as tends to show that a period of tenancy other than a month was intended.

*Held*, further, that a statement to a tenant under a former lease, by the landlord who had recently purchased the premises, that the tenant might continue his occupation by paying the same price per month that he had paid the former landlord, and that when the store was wanted he would be given a certain notice, constituted a letting from month to month.

TRESPASS AND EJECTMENT.    Heard on exceptions of defendant to decision of justice of Superior Court granting a new trial to plaintiff after verdict for defendant.    Exceptions overruled.

JOHNSON, J.    This is an action of trespass and ejectment for the possession of premises numbered 202 on Westminster street in the city of Providence.

On trial in the Superior Court a verdict was rendered for the defendant.    The plaintiff moved for a new trial on the ground

that the verdict was against the evidence and the weight thereof, and said motion was granted.   To this decision the defendant duly excepted, and the case is now before us on said exception.

The evidence showed that the defendant had for several years occupied said premises, as a tenant of the M. J. Harson Company, which held the same under a lease from the owners. After the termination of the leasehold interest of said M. J. Harson Company, the plaintiff corporation, in February, 1904, acquired a lease of said premises, and in the latter part of said month, about the 19th or 20th, let the same to the defendant, his tenancy under the plaintiff beginning March, 1904.   Walter A. Scott, president of the plaintiff corporation, testified as to said letting as follows: "Q.   Will you state what you recall of the conversation ?   A.   He came into the store and Mr. Congdon, our bookkeeper, called me from the back office, saying Mr. Johnston would like to see me, and Mr. Johnston said he learned we obtained a lease of the store and he would like to see what arrangement can be made about my staying, or whether we were to occupy the store and he was to get out, and I told him we were not likely to occupy the store right away but I couldn't tell how soon, but if a satisfactory arrangement could be made we were willing he should stay until we were ready.   He asked for a lease and we couldn't give him one because we didn't know how soon we would want to occupy it. We were talking about putting a shoe department in in July. I told him if he wanted to stay in the store at the same price he was paying Harson he could stay until we wanted it.   .   .   . Q.   What was said as to the rent?   A.   I told him he could occupy it at the same price he paid Mr. Harson, and not knowing what that was, I called out my bookkeeper who stood at my left at the wicket, and asked him to see what the amount was and he told me $180 a month.   Q.   Where did the bookkeeper look to find it?   A.   In Mr. Harson's books which had been left with us by the referee in bankruptcy.   Q.   Do you recall the particular entry as to the rent you mentioned? A.   $180 a month each month had been paid for the rent of the store "

The testimony of Mr. Scott is corroborated by that of the bookkeeper of the plaintiff corporation.

The defendant testified that he asked Mr. Scott if he could continue in the store as he had it, and that Mr. Scott said he could, and that he took it for granted it was the same as he had it from Harson, and he had it from him by the year; that there was no change in the time of payment, and that the receipts for rent were made out from the first of one month to the first of the next month.

On the 30th day of June, 1906, the following notice was served upon the defendant:

"MR. JOHN J. JOHNSTON or

"JOHNSTON BROS., Providence, R. I.

"You are hereby given notice to quit, vacate, remove from and deliver up to the J. B. Barnaby Company, the premises you now hold of the said J. B. Barnaby Company as tenant from month to month, on or before the first day of August next, said premises being the store and basement connected therewith, situated on Westminster street in the city of Providence and numbered 202 on said street.

"THE J. B. BARNABY COMPANY,

" by WALTER A. SCOTT, *Pres't.*"

Mr. Scott testified that this notice was dated July 2, 1906.

The action was commenced August 2, 1906.

The defendant's counsel contends that this evidence makes out a tenancy from year to year under Gen. Laws cap. 269, § 6, which reads: "The time agreed upon in a definite letting shall be the time of the termination thereof for all purposes; and if there be no time of termination agreed upon, it shall be deemed a letting from year to year: *Provided*, that in any case of a letting at a certain rate per month without any other reference as to time, the letting shall be deemed a letting from month to month."

Arguing upon that portion of Mr. Scott's testimony where he says: "We were talking about putting a shoe department

in in July. I told him if he wanted to stay in the store at the same price he was paying Harson, he could stay until we wanted it," defendant's counsel claims that this language constituted such *other reference as to time* as to make the letting one from year to year, instead of from month to month.

The contention is without merit. The statute in the words, "without any other reference as to time," does not contemplate a mere reference to the probable time when the landlord may want the premises for himself, but such a reference to time as tends to show that a period of tenancy other than one month was intended; as, for instance, a letting at a certain price per month for one year. In this case no definite time was indicated. The defendant was merely informed that the plaintiff would probably want the premises at some time in the not distant future. In answer to cross question 57 (p. 17), Mr. Scott said: "I told him we shouldn't use the store right away and if he wished to continue his tenancy by paying the same price per month he paid Harson's people I was willing he should do so and when we wanted the store we would give him a certain notice." The letting was clearly the "letting at a certain rate per month without any other reference as to the time," contemplated by the proviso of section 6.

The preponderance of the evidence was clearly against the verdict. The defendant's exception is overruled and the case is remanded to the Superior Court for a new trial in accordance with its decision.

*Edward D. Bassett and Wilbur A. Scott,* for plaintiff.
*James J. McGovern,* for defendant.